HENRY HILP TAILORING CO. v. WILLIAMSBURGH CITY FIRE INS.
CO. OF BROOKLYN.

(Circuit Court, N. D. California. August 21, 1907.)

No. 14,044.

INSURANCE—CONSTRUCTION OF POLICY—EXCEPTION OF LOSS OCCASIONED BY OR
THROUGH EARTHQUAKE.

Under a fire insurance policy which excepted the insurer from liability for any loss "occasioned by or through earthquake," there can be no recovery if it is shown by a preponderance of the evidence that if there had been no earthquake, and but for the earthquake, the fire which destroyed the insured property would not have started; and a fire thus started by an earthquake in another building, which spread to and destroyed the insured property, is one occasioned by or through earthquake, within the meaning of such provision.

At Law. Charge to the jury.

Lucius L. Solomons and L. A. Redman, for plaintiff.

T. C. Van Ness, for defendant.

VAN FLEET, District Judge (orally).   Gentlemen of the Jury: The law charges me with the duty of giving to you the principles that must govern you in your deliberations upon a verdict. If you will give me your attention, I will now proceed to state them to you. You will understand that this is an action brought by the Henry Hilp Tailoring Company, the plaintiff, against the defendant, the Williamsburgh City Fire Insurance Company, upon a policy of fire insurance in the sum of $2,500 upon the premises of the plaintiff, located at 51 Third street, in the city and county of San Francisco. It is alleged that the property was destroyed by fire on the 18th day of April, 1906. By the course the evidence has taken in this case, and through the admissions of counsel, there is but a single issue that remains to be submitted to you for the purpose of arriving at a verdict. It is conceded by both parties that the property of the plaintiff was insured under the contract alleged, and that it was subsequently, and within the life of the policy, destroyed by fire; but the defense is that the fire which destroyed the property was occasioned by an earthquake, and that loss occasioned by earthquake was one among the excepted perils under the contract, and that by reason of this fact the defendant is not liable. The sole issue, therefore, for you to determine in order to reach a verdict in the case, it being admitted that the property was destroyed by fire, is: Was that fire occasioned by or through the instrumentality of an earthquake? With respect to this issue I will charge you:

Under the terms of the policy of insurance sued upon the defendant company did insure the plaintiff against all direct loss or damage by fire, except such loss or damage by fire as might be "occasioned by or through any earthquake." The right of the company to exempt itself from liability for fire loss or damage occasioned by or through earthquake cannot be questioned, and in accepting the policy of insurance upon which this action is brought plaintiff contracted with the de-

fendant that it should not be responsible to it for any loss or damage thus caused; and if in this case you are satisfied that the loss or damage suffered by the plaintiff was occasioned by or through the earthquake of April 18, 1906, then your verdict should be in favor of the defendant. If from the evidence you are satisfied that the earthquake started a fire in some other building in that vicinity than that owned by plaintiff, and that the fire thus started spread to and reached and destroyed plaintiff's building, then and in that case you must find against the plaintiff and in favor of the defendant. A fire thus started in another building, and spreading to and reaching and destroying the plaintiff's building, would be a fire occasioned by or through an earthquake within the meaning of the policy, for loss by reason of which the company cannot be held responsible. In the policy sued upon in this action earthquake as a cause of loss is, as I have stated, specified as an excepted peril, and in said policy it is stipulated that the company shall not be held liable for loss or damage by fire occasioned by or through such excepted peril, to wit, earthquake. It is the law of this state that, where a policy contains such an exception, the insuring company shall not be held liable for a loss which, but for such peril, would not have occurred, notwithstanding the fact that the insured property is destroyed by fire, a peril which, but for the exception, would be covered by the policy. I therefore charge you that if from the evidence you are satisfied that if there had been no earthquake, and but for the earthquake, the fire which destroyed plaintiff's building would not have started, and plaintiff's building would not have been destroyed by fire, then and in that case the company is not liable, and your verdict should be in favor of the defendant.

In reaching your conclusion in this case as to the cause of the fire which destroyed plaintiff's property, you will bear in mind that the law does not require demonstration—that is, such a degree of proof as, excluding possibility of error, produces absolute certainty—because such proof is rarely possible. Moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind. You are therefore instructed that, while it is for the defendant to prove that the destruction of plaintiff's property by fire was occasioned by or through an earthquake, nevertheless, in order that you may find a verdict in favor of the defendant company, it is not necessary that said company should have shown that plaintiff's loss could not possibly have occurred from any other cause than from earthquake. If, taking the testimony as a whole, it has been shown to your satisfaction that the fire, and plaintiff's loss and damage by fire, were occasioned by or through the earthquake, and no other probable cause for the fire which destroyed plaintiff's property has been satisfactorily shown, you should find a verdict in favor of the defendant.

The law makes you the exclusive judges of the effect and value of the testimony and the credibility of the witnesses; but this judgment must not be an arbitrary or capricious one. You are sworn to find what are the true facts from the testimony in the case before you, without being influenced in the least by any feeling of sympathy or prejudice, giving such weight and credit to the testimony of the different witnesses as you may believe the same entitled to. But, after

you have so found the facts, then, in determining what your verdict will be upon those facts, you should be governed by the law as set forth in this charge. The law, as I have suggested to you, imposes upon the defendant the burden of establishing that plaintiff's loss was occasioned by or through earthquake. Upon this issue the evidence must preponderate in favor of the defendant. If it does not, your verdict should be for the plaintiff. If, upon the issue as to the occasion of the loss, the evidence is equally balanced, your verdict should be in favor of the plaintiff. Satisfactory evidence alone will sustain a verdict. Slight evidence is not sufficient. You are not permitted, in reaching your verdict, to indulge in mere conjecture, surmise, or speculation. The defendant, in order to prevail, must prove by satisfactory evidence that the loss was occasioned by or through earthquake. If, upon a consideration of the evidence, you find that it has failed to do so, your verdict should be for the plaintiff. If you are unable to find from the evidence that plaintiff's loss was occasioned by or through earthquake, or if in your judgment the evidence is equally balanced upon that question, or if after a careful consideration of all of the evidence you are unable to conclude, either from the facts proved or from proper inference from such facts, that the loss was occasioned by or through earthquake, then your verdict should be for the plaintiff, because the defendant must establish by a preponderance of evidence this fact which is essential to a verdict in its favor. Preponderance of the evidence does not necessarily mean the greater number of witnesses. It means the weight of the evidence; that which convinces you of the truth of it. You are, therefore, not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in your minds, against a less number, or against a presumption or other evidence which does satisfy your minds.

You are the sole judges of the credibility of the witnesses. What the evidence establishes is a matter entirely for your consideration. It is your province to find the facts; but it is the province of the court, as heretofore suggested, to declare the law, and it is your duty to receive the law from the court, and act upon it, as it is the duty of the court to submit the facts for your consideration. In arriving at the weight you will give to the testimony of the witnesses you may consider the manner in which they have given their testimony, the probability or improbability of what they have testified to, their means of information, the conditions under which the witnesses observed the matters which they have related, and from all the evidence in the case determine what the facts are, and apply those facts to the law as given by the court, and render a verdict accordingly. If it shall have happened during the course of the trial that the court has made any remark or used any language from which you have received an impression as to its views upon a question of fact which is being tried before you, or the weight to be given to the evidence of any witness who has testified in the case, it is your duty to disregard such impression, unless it corresponds with your own independent views, reached as a conclusion from an examination of the evidence in the case.

If your verdict in this case, gentlemen of the jury, shall be for the plaintiff, it will be substantially in the following form: "We, the jury, find in favor of the plaintiff, and assess the damages against the defendant in the sum of"—in this case it would be $2,500, with the interest added.